J. W. Shafer, et al v. Donald L. Akers, et al

4670                                             433 S.W. 2d 142

Opinion Delivered October 21, 1968
[Rehearing denied November 25, 1968.]

*Charles W. Garner* for appellant.

*Lightle & Tedder* for appellees.

Paul Ward, Justice.    This litigation is over the ownership of a strip of land eighty feet wide and approximately 1300 feet long.    Since this parcel will be mentioned frequently it will, for brevity and clarity, be referred to as parcel (X).    It lies between Lot B and Lot 2 in the old town (now abandoned) of Georgetown, in White County.

*Pleadings.*  On March 15, 1965 Donald L. Akers and George Leroy Akers and their wives (appellees) filed a complaint in chancery court against J. W. Shafer and Robert O. Shafer (appellants), alleging:   (a) They are the owners of forty acres of land described by metes and bounds, and including parcel (X); (b) Appellants are trespassing upon their land and are threatening to erect a fence thereon; (c) Plaintiffs have . already planted crops on the land being fenced by defendants. The prayer was that appellants be enjoined from such actions.    A *temporary* injunction was issued on May 3, 1965.

On May 21, 1965 appellants filed an Answer to the above complaint, denying "each and every material allegation", and asking that the complaint be dismissed. Following a Motion by appellants to strike the description of land from the complaint, appellees filed an "Amended Complaint" and attached a copy of the deed under which they claimed title. (The deed, dated June 10, 1964 and filed for record July 28, 1964, shows a conveyance by the Arkansas Game and Fish Commission to appellees of forty acres—described by metes and bounds).

On September 26, 1966 appellants filed an "Answer and Cross-Complaint", consisting of thirteen pages. The *Answer,* in substance, states: (a) general denial; (b) there is a defect in appellees' chain of title; (c) the subject of this action is parcel (X) which lies within the corporate limits of Georgetown and has grown up in weeds and is unimproved, and appellants and their father have paid taxes on said parcel since 1950. In the Cross-Complaint appellants detail the conveyances through which they acquired title to parcel (X). On November 1, 1966 appellants also, by amendment, alleged that they had a constitutional right to parcel (X) under the "doctrine of Stare Decisis". To the above pleadings appellees entered a general denial.

The issues raised by the above pleadings were presented upon a full hearing, and on January 23, 1967 the Court held: (a) That the parcel of land involved in this cause lies between Block 2 and B on the recorded plot of the townsite of Georgetown (Unincorporated), filed December 11, 1908 and designated as a railroad right-of-way; (b) appellees acquired color of title to said strip under a deed from the Arkansas Game and Fish Commission which acquired title to said Blocks 2 and B in March 14, 1958; (c) that thereafter the Commission (by its agents and employees) exercised open, adverse, and uninterrupted possession of all the land, including said Blocks; that such possession, together with the possession of appellees, was for more than

seven years; (d) that no part of parcel (X) was at any time used as a railroad right-of-way, but at all times for fifty years said parcel has been used by the owners of the adjoining land, "to-wit, Blocks 2 and B", and; (e) appellees are the owners of parcel (X) by adverse possession, and appellants are enjoined as prayed.

On appeal appellants argue ten points for a reversal. It is unnecessary to discuss all these points because we have concluded that the trial court's decree must be affirmed for the reasons hereafter mentioned.

Appellants attempt to establish their title to parcel (X) in three different ways. (1) By a series of conveyances beginning as far back as December 12, 1908 Stoneman-Zearing Lumber Co. of Arkansas executed a deed to the Missouri & North Arkansas Railroad Company conveying several pieces of land. By succeeding conveyances title is traced to R. E. Shafer by a deed dated January 7, 1950. It is here pointed out that appellants are concededly the heirs of R. E. Shafer. (2) R. E. Shafer died, testate, in March, 1960, and his will was probated. Later, in 1961, the Chancery Court quieted title to said lands in appellants. (3) Appellants claim they (together with their father) have paid taxes on parcel (X) since 1960 and up to 1965.

A careful examination of the many conveyances and orders in appellants' chain of title fails to show, to our satisfaction, a definite description of parcel (X). For instance, the collector's certificate shows Joseph W. Shafer paid taxes on: "All former M. & A. Ry. Co. r/o/w/ in Georgetown, Ark., Section 20, Township 6 North, Range 4 West, 22.70 acres".

It is not disputed that the record shows an unbroken chain of title to certain lands (including parcel (X) in the Arkansas Game and Fish Commission. The deed to the Commission was executed March 14, 1958 and conveyed, among other lands, said Block 2 and Block B. It is not disputed that parcel (X) lies between the above blocks. Later the Commission exe-

cuted a deed to appellees conveying forty acres of land, described by metes and bounds, in which parcel (X) is situated.

In view of what we have pointed out heretofore, we are unable to say the trial court erred in holding appellees acquired title to parcel (X) by adverse possession. The weight of the testimony shows that appellees and their predecessors in title have been in open, actual, and adverse possession for more than seven years under color of title.

Affirmed.

GEORGE ROSE SMITH, BROWN and FOGLEMAN, JJ., concur.

JOHN A. FOGLEMAN, Justice. I would affirm the decree of the trial court. I do not think that either party sustained his burden of proof of adverse possession by a preponderance of the evidence. I would affirm because of appellants' noncompliance with Rule 9(d). That section of our rules requires that an appellant reproduce and attach to his abstract all exhibits which must be examined for a clear understanding of the testimony, unless this requirement is waived by this court on motion. There are numerous deeds in both chains of title that refer to maps for identification of key points in land descriptions. References are also made to survey stations on certain maps. In addition, the Bill of Assurance refers to a plat. None of these are reproduced. The abstract of the land descriptions in certain of the deeds exhibited cannot be followed or compared with descriptions in other deeds in the manner they are set out in the abstract.

While appellees have supplied certain deficiences in land descriptions in some of the conveyances to the extent necessary to show that part of the lands conveyed to the railroad company were conveyed as a right-of-way only and not in fee simple, even these descriptions

cannot be properly identified without reference to a map or plat. I have been unable to understand the issues as to record title on the abstracts before us. The exhibits in question are not such as could not be reproduced practically.

The burden of proving the strength of their own title was on appellants. Consequently, I would affirm the trial court's decree.

I am authorized to state that GEORGE ROSE SMITH and BROWN, JJ., join in this concurrence.